**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Eric CARPEGNA, Defendant–Appellant.**

No. 10–30053.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 21, 2011.

Marcia Kay Hurd, Esquire, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Michael Donahoe, Esquire, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana Helena Branch Office, Helena, MT, for Defendant–Appellant.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

John Eric Carpegna appeals from the 97–month sentence imposed following his guilty-plea conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Contrary to Carpegna's contention, this Court's remand did not require or authorize the district court to hold a resentencing hearing; it required that the district court hold a hearing to make a discretionary determination as to which of the two convictions to vacate. *See United States v. Carpegna,* 349 Fed.Appx. 125, 127 (9th Cir.2009); *see also Ball v. United States,* 470 U.S. 856, 864, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) ("[T]he only remedy ... is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions.").

*United States v. Hector,* 577 F.3d 1099, 1103–04 (9th Cir.2009), relied on by Carpegna, does not require or allow a resen-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tencing hearing. *Hector* merely recognized that the district court must exercise its discretion to determine which underlying conviction to vacate. *Id.* at 1103.

Finally, 18 U.S.C. § 3742(g) does not require resentencing because 18 U.S.C. § 3742(f) does not apply here. This court's remand addressed the lawfulness of the dual convictions, not the lawfulness of the sentence imposed for receipt of child pornography. *See Carpegna,* 349 Fed. Appx. at 127; *see also Ball,* 470 U.S. at 864–65, 105 S.Ct. 1668 (making clear that it is the second conviction that is unlawful).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.